**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT | **CIVIL ACTION** |
| Plaintiff, | **No. 3:16cv1758** |
| v. | (Judge Munley) |
| THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER) Defendant | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of the Petition to Settle a Wrongful Death and Survival Action, it is hereby ORDERED and DECREED that Petitioner is authorized to settle all claims for the total amount of $800,000.00.  Defendant shall forward all settlement drafts or checks to Petitioner's counsel for proper distribution.  It is further ORDERED and DECREED that the settlement proceeds are allocated as follows:

1.      Wrongful Death 70%

2.      Survival Claim 30%

It is further ORDERED and DECREED that the settlement proceeds be distributed as follows:

| | | | |
|---|---|---|---|
| 1. | Attorneys fee to Feldman Shepherd, LLP: | | $266,666.67 |
| 2. | Feldman Shepherd reimbursement of costs: | | $ 66,852.03 |
| 3. | Wrongful Death Claim Net Sum: | $326,536.92 | |
| | a.   Diana Ramsey | | $163,268.46 |
| | b.   Allen Ramsey | | $163,268.46 |

4.      Survival Claim Proceeds in the amount of $139,944.38 shall be paid to Diana Ramsey, Administratrix of the Estate of Megan Ramsey, Deceased; however, the estate shall not distribute any funds to the beneficiaries until an order requiring or waiving additional security as required is entered by the Surrogate's Court of Morris County, New Jersey.

The parties to this settlement shall cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this settlement.


BY THE COURT:



_____
                                                          J.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **No. 3:16cv1758** |
| | (Judge Munley) |
| THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER) | |
| Defendant | |

## PLAINTIFF'S UNOPPOSED MOTION FOR COURT APPROVAL OF A SETTLEMENT

Plaintiff, by and through her undersigned counsel, hereby requests that the Court approve a settlement which has been provisionally entered into between the parties in this matter, and in support thereof avers as follows:

1.     This case involves claims pursuant to Pennsylvania's Wrongful Death and Survival statutes, and existing Pennsylvania law requires Court approval of any settlement of such claims, as well as the allocation between Wrongful Death and Survival, and the distribution of proceeds pursuant to the intestacy statutes. See generally *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F. Supp. 2d 794, 796-797 (E.D. Pa. 1999); *Nice v. Centennial Area School District*, 98 F. Supp. 2d 665 (E.D. 2000); *Moore v. Gates*, 580 A.2d 1138 (Pa. Super. 1990).

2.      Application for such approval is made to this Court pursuant to 20 Pa.C.S. § 3323 which

provides in pertinent part:

> (b) Pending court action.—
>
> (1) Court order. Whenever it is desired to compromise or settle an action
> in which damages are sought to be recovered on behalf of an estate, **any
> court or division thereof in which such action is pending and which
> has jurisdiction thereof** may, upon oral motion by plaintiff's counsel of
> record in such action, or upon petition by the personal representative of
> such decedent, make an order approving such compromise or **settlement**.
> Such order may approve an agreement for the payment of counsel fees and
> other proper expenses incident to such action.

*Id. (*emphasis supplied).

3.      As noted in Plaintiff's Complaint, Megan Louise Ramsey was born October 27, 1978.

She was subsequently diagnosed with Cornelia de Lange Syndrome, a genetic disorder characterized by

multiple problems including low birth weight, slow growth, small stature, gastro-esophageal reflux, and

behavioral and communication issues, and as a result she required supervision and assistance during all

activities of daily living.  She died while in the care of Devereux Pocono Center on July 16, 2014.

4.      On February 19, 2015, the Surrogate of the County of Morris, in the State of New Jersey,

issued Letters of Administration to the Decedent's mother, Diana L. Ramsey.  See Letters of

Administration attached hereto as Exhibit "A."

5.      Thereafter, Plaintiff commenced this action, including causes of action under

Pennsylvania's Wrongful Death and Survival statutes, by a Complaint filed in this Court on January 25,

2016.

6.      The Defendant is represented by Paul F. Laughlin, Esquire.  Mr. Laughlin has been

provided with an advanced copy of this Motion, and has no objection to the Motion seeking approval

from the Court over the proposed settlement.

7.      During the pendency of the case, the parties engaged in considerable discovery, and exchanged hundreds of pages of documents.  Numerous videotaped depositions were taken, utilizing electronically stored evidence, as the parties proceeded to garner support for their respective claims and defenses.

8.      The defendant vigorously contested liability, arguing that Defendant's agents and employees acted fully within the scope of their knowledge and duties, and were not negligent in the provision of care for Megan Ramsey, who suffered from a complex medical condition.

9.      Plaintiff contended that Megan Ramsey's death was proximately caused by the failure of her caretakers at Devereux Pocono Center to properly respond to her symptoms and signs of bowel perforation and intra-abdominal infection, and to timely refer and transfer her to appropriate hospital care for treatment of her condition.

10.     As the case proceeded through discovery, an unsuccessful attempt to mediate this matter was held before the Honorable Thomas M. Blewitt, Ret. This conference took place on February 28, 2017. Thereafter discovery continued and the parties prepared for trial.

11.     On October 30, 2017, during the pretrial conference, with the recommendation of Judge Munley, the parties reached an agreement to settle this case for a settlement in the amount of $800,000.00.  See a copy of the Release which is attached hereto as Exhibit "B."

12.     Plaintiff retained the undersigned counsel pursuant to a Contingent Fee Agreement.  A true and correct copy of that Fee Agreement is attached hereto as Exhibit "C"

13.     Pursuant to the Contingent Fee Agreement that has been executed by and between Plaintiff and her counsel, Plaintiff's counsel is to be paid the sum of 1/3 any recovery.  Accordingly, Plaintiff's counsel requests an attorney's fee from the settlement in the amount of $266,666.67.

14.     Plaintiff herself has reviewed Plaintiff's counsel's work in this case, was very satisfied with the services provided by Plaintiff's counsel, and has signed a Schedule of Distribution expressly approving this counsel fee as well as those litigation expenses that were incurred during the prosecution of the action.  See a copy of the Schedule of Distribution signed by Diana Ramsey attached hereto as Exhibit "D."

15.     During the prosecution of the action, Plaintiff's counsel advanced the litigation expenses, in the total amount of $66,852.03, as itemized on the Schedule of Distribution referenced in the foregoing paragraph.  Plaintiff has reviewed those expenses, and expressly approved them as evidenced by her signature on the Schedule of Distribution in Exhibit "D."

16.     After a deduction of the attorneys' fee and expenses from the gross amount of the settlement ($800,000.00), the net sum payable to the Plaintiff amounts to $466,481.30.

17.     This figure must be allocated between the two claims which Plaintiff presented. Specifically, Plaintiff pursued causes of action under Pennsylvania's Wrongful Death statute, and also under Pennsylvania's Survival statute.

18.     Plaintiff proposes that this allocation be made with 70% of those funds being attributable to the Wrongful Death action, and 30% of the funds being attributable to the Survival action.

19.     Concerning this allocation, the following factors support the larger allocation towards the Wrongful Death recovery over the Survival Action where Plaintiff would have been entitled to recover the Decedent's lost earnings and earning capacity, funeral expenses, and any award for pain and suffering, it is noted in that regard:

- There was limited evidence of conscious pain and suffering in the case;

- There were no economic losses to be balanced against the intangible losses suffered by the mother of Plaintiff's Decedent.

4

20.    Plaintiff has sent a copy of this Motion for Court Approval to the Pennsylvania Department of Revenue, and they have approved this proposed allocation.  See a copy of letter from the Department of Revenue, attached hereto as Exhibit "E."

21.    Plaintiff's Decedent did not have a Will at the time of her death.

22.    Pursuant to the proposed allocation, the funds should be distributed pursuant to Pennsylvania statutes pertaining to intestate succession.  First, from the Wrongful Death portion of the proceeds (70%), the total allocation under the Wrongful Death claim amounts to $326,536.91. Plaintiff's Decedent is survived by the following beneficiaries:

| NAME | RELATIONSHIP | ADDRESS | Wrongful Death Proceeds |
|------|--------------|---------|-------------------------|
| Diana Ramsey | Mother | 5 Spring Mountain Rd Califon, NJ 07830 | $163,268.46 |
| Allen Ramsey | Father | 39 Meadow Drive Ephrata, PA 17511 | $163,268.46 |

23.    There are no minor beneficiaries.

24.    Pursuant to the Pennsylvania intestacy statutes, 20 Pa.C.S.A. §2101 et. seq., after the deduction of fees and expenses, Plaintiff's mother Diana Ramsey and father are entitled to equal shares of the Wrongful Death claim, the sum of $326,536.92, which computes to $163,268.46 each.

25.    After the foregoing distribution of proceeds, there remains the sum of $139,944.38, which is allocated to the Survival Action and payable to the Estate.  It is requested that these sums shall be paid to Diana Ramsey, Administratrix of the Estate of Megan Ramsey, Deceased, and shall not be distributed until any additional security may be required or waived by the Surrogate's Court of Morris County, New Jersey.

26.    Notice of this settlement and the distribution as proposed in this Motion has been provided to:

        a.    Diana Ramsey

       b.      Allen Ramsey

       c.      Paul Laughlin, Esq.

       d.      Commonwealth of Pennsylvania, Department of Revenue – Inheritance Tax Division

WHEREFORE, Plaintiff respectfully requests this Honorable Court to approve the proposed settlement and distribution, and enter the Order which is proposed and attached hereto.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP


MARK W. TANNER, ESQUIRE    58738
Attorney for Plaintiff
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
mtanner@feldmanshepherd.com

Date:   December 20, 2017

# **Certificate of Service**

I, Mark W. Tanner, Esquire, hereby certify that I caused a true and correct copy of the foregoing

Petition to be served via U.S. email upon the following:

Paul F. Laughlin, Esq.                     Shannon E. Baker, Trust Valuation Specialist
Marshall Dennehey                         PA Department of Revenue
4905 West Tilghman Street                 Bureau of Individual Taxes
Suite 300                                 PO Box 280601
Allentown, PA 18104                       Harrisburg PA 17128
*(via court's electronic filing system)*

Diana Ramsey
5 Spring Mountain Rd.
Califon, NJ 078308947

FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG, LLP

Mark W. Tanner
***Attorneys for Plaintiff***

Date:   December 20, 2017

# **V E R I F I C A T I O N**

I, Diana L. Ramsey, verify that I am the person who has knowledge of the facts set forth in the foregoing Petition, and that the facts are true and correct to the best of my knowledge, information and belief.   I further understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904, relating to unsworn falsification to authorities.


_____
Diana L. Ramsey

# **Certificate of Service**

I, Mark W. Tanner, Esquire, hereby certify that I caused a true and correct copy of the foregoing

Petition to be served via U.S. email upon the following:


Paul F. Laughlin, Esq.                          Shannon E. Baker, Trust Valuation Specialist
Marshall Dennehey                               PA Department of Revenue
4905 West Tilghman Street                       Bureau of Individual Taxes
Suite 300                                       PO Box 280601
Allentown, PA 18104                             Harrisburg PA 17128
*(via court's electronic filing system)*


Diana Ramsey
5 Spring Mountain Rd.
Califon, NJ 078308947



                    FELDMAN, SHEPHERD, WOHLGELERNTER,
                    TANNER, WEINSTOCK & DODIG, LLP



                    _____
                    Mark W. Tanner
                    ***Attorneys for Plaintiff***


Date:   December 20, 2017

# Exhibit "A"

# Morris County Surrogate's Court

Administration & Records Bldg.
Morristown, New Jersey 07963-0900

**John Pecoraro**
*Surrogate*

Tel # (973) 285-6500
Fax # (973) 829-8599

**Christopher Luongo, Esq.**
*Deputy Surrogate*



-----------------------------------------------------X

In the Matter of the Estate of
**MEGAN LOUISE RAMSEY,** Deceased
(aka:  )
SSN:

-----------------------------------------------------X

ADMINISTRATION
SHORT CERTIFICATE
Docket No: **MRS-P-0462-2015**

I, **Hon. John Pecoraro,** Surrogate of the County of MORRIS,  in the State of **New Jersey**

**Do Hereby Certify**  that on **February 19th, 2015**  Letters of Administration of the estate of  **MEGAN LOUISE RAMSEY**, late of **MORRIS** County, deceased, were granted to **DIANA L. RAMSEY** who has duly qualified as such administrator/rix, and is authorized to take upon the administration of the said estate.  **THESE LETTERS AUTHORIZE THE TOTAL COLLECTION OF THE FIRST $1000.00.  THE COLLECTION IN EXCESS OF THAT AMOUNT MUST BE AUTHORIZED BY A FURTHER JUDGMENT OF THE SURROGATE UPON THE FILING OF AN ADDITIONAL BOND.**

**I Further Certify** that said letters of administration remain in full force and effect.

WITNESS my hand and seal of office, on
**February 19th, 2015.**

_____
John Pecoraro, Surrogate

# Exhibit "B"

## SETTLEMENT AGREEMENT AND COMPLETE GENERAL RELEASE

This Settlement Agreement and General Release (the "Settlement Agreement") is made and entered into as of this _____ day of _____, 2017 by and among:

Plaintiff: Diana L. Ramsey, as Administratrix of the Estate of Megan Louise Ramsey, Deceased, and as Parent and Legal Guardian of Megan Louise Ramsey in her own right.

Defendant: The Devereux Foundation (d/b/a Devereux Pocono Center).

**RECITALS:**

A.   On or about January 25, 2016, Plaintiff filed a Complaint asserting claims against Defendant for injuries or other losses that Plaintiff claims to have experienced in connection with services provided by Defendant. Although Defendant disputes these claims, the Parties have decided to amicably resolve their differences.

B.   Plaintiff and Defendant (collectively "the Parties") reached an agreement to resolve this case without any admission of responsibility or further litigation.

**AGREEMENT:**

The Parties agree as follows:

**1.0     RELEASE AND DISCHARGE**

**1.1**     In consideration of the payments set forth in Section 4.0, Plaintiff hereby completely releases and forever discharges Defendant from any and all past, present or future claims, demands, obligations, actions, causes of action (whether direct, indirect or vicarious in nature), rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Plaintiff, Plaintiff's heirs and/or beneficiaries now have, or which may hereafter accrue or otherwise be acquired from the beginning of time until the date of this Agreement, including but without any sort of limitation, on account of, or may in any way grow out of, or which are the subject of the claim/lawsuit (and all related pleadings) any and all known or unknown claims for mental anguish and distress, bodily and personal injuries, which have resulted or may result from the alleged acts or omissions by Defendant in causes of action set forth by Plaintiff in the Complaint initially filed in the Eastern District of Pennsylvania and later transferred to the United States District Court for the Middle District of Pennsylvania, case number No. 3:16-cv-01758-JMM.

**1.2**     This release and discharge shall apply and inure to the benefit of Defendant's past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, insurers, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated or to whom Defendant may be liable.

**1.3**     This complete general release on the part of Plaintiff shall be a fully binding and complete settlement among Plaintiff and Defendant, and their heirs, assigns and successors.

**1.4**     Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which Plaintiff does not know or suspect to exist or which Plaintiff does not know or suspect will worsen, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiff's decision to enter into this Settlement Agreement. Plaintiff further agrees that Plaintiff has accepted payment of the sum specified herein as a complete compromise of matters involving disputed issues of law and fact related to Defendant.  Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes and without any reliance whatsoever on anything that Defendant or any of the persons described in Section 1.2 may have said, represented or implied.  It is understood and agreed to by the Parties that this Settlement Agreement is a compromise of disputed allegations, and the payment is not to be construed as an admission of liability on the part of Defendant.

## 2.0     HOLD HARMLESS

For the considerations stated herein, Plaintiff acknowledges, represents, and fully agrees to indemnify, protect, and hold Defendant harmless from all judgment, costs, and expenses, including reasonable attorneys' fees, compensatory, or punitive damages, whatsoever arising from any and all claims, actions or causes of actions asserted against Defendant, including litigation regarding the taxability of this Settlement Agreement, which arises out of or relates to this Settlement Agreement.

## 3.0     LIENS

Plaintiff has represented that there are no liens.  To the extent that any liens are determined to exist, Plaintiff further acknowledges, represents, and agrees, on behalf of herself, the Estate of Megan Louise Ramsey, their heirs, beneficiaries, assigns, subrogees, successors in interest, health or medical care insurers or providers, and all other persons, firms, corporations, or other entities, to pay and satisfy any and all outstanding medical bills, hospital bills, Veteran's Administration bills, claims, Workers Compensation liens, Medicaid or Medicare liens, or other liens, or subrogated interests, which do or could represent a lien or claim against these proceeds from Defendant, or Plaintiff shall otherwise indemnify and hold Defendant harmless from and against all loss, damage or liability for payment of same, including indemnification for attorney's fees incurred in the defense of any such medical or hospital bills, Workers Compensation claims, Medicaid or Medicare liens, Veteran Administration bills, or other liens or subrogated interests, whether past or future.

In order to ensure that any and all liens are satisfied, Plaintiff agrees that her attorneys will hold in their escrow account a sufficient portion of the settlement funds in order to satisfy any and all liens  and that no settlement proceeds will be disbursed until Plaintiff establishes the lack of any lien as aforedescribed or, alternatively, presents written evidence of the amount of such lien or compromised lien.  Any outstanding lien, full or compromised, will be paid out of the settlement proceeds directly to the lienholder.

**4.0    PAYMENT/RELEASE OBLIGATION; DAMAGES**

**4.1**    In consideration of the release set forth above, Defendant agrees to pay as follows: cash settlement in the amount of **$800,000.00**, representing damages on account of personal physical injuries, paid to "Diana Ramsey and her Attorneys, Feldman Shepherd, LLP.", federal tax identification number 23-2449168.

**4.2**    Defendant does not represent the taxability of this Settlement Agreement and the damages referenced in Section 4.1.  The Parties agree Plaintiff shall be responsible for any penalties, assessments, or other losses arising out of the tax implications of the payment referenced in Section 4.1.

**5.0    ATTORNEY'S FEES**

Each party hereto shall bear their own attorney's fees and costs arising in connection with this case, this Settlement Agreement and the matters and documents referred to herein, and all related matters.

**6.0    REPRESENTATION OF COMPREHENSION OF DOCUMENT**

In entering into this Settlement Agreement, Plaintiff acknowledges there could arise legal and income tax consequences of this Settlement Agreement, that the terms of this Settlement Agreement have been completely read and explained to Plaintiff by her attorney, and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by Plaintiff.

**7.0    WARRANTY OF CAPACITY TO EXECUTE AGREEMENT**

**7.1**    Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein. Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it. Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

**7.2**    Plaintiff represents that as Administratrix of the Estate of Megan Louise Ramsey, she has the authority to enter into this Settlement Agreement and is of sound mind and maintains legal and medical capacity to enter into this Settlement Agreement.

**8.0    DISMISSAL WITH PREJUDICE**

Plaintiff agrees that she and/or her counsel shall secure Court approval of the settlement before receiving the settlement funds.  Thereafter, Plaintiff agrees that she or her counsel shall take all necessary steps within 14 days of receipt of the settlement funds to dismiss with

prejudice the lawsuit pending in the United States District Court for the Middle District of Pennsylvania, case number No. 3:16-cv-01758-JMM, each party to bear its own costs.

## 9.0    GOVERNING LAW

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Pennsylvania.  If any section or part of this Settlement Release and Hold Harmless Agreement is held to be invalid by a court of law, the remaining portions of this release shall continue to be in full force and effect.

## 10.0    ADDITIONAL DOCUMENTS

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.  Plaintiff agrees to undertake any and all necessary action to secure court approval, for settlement, compromise or resolution of this claim.  Plaintiff or her attorney shall provide Defendant's attorney with documentation reflecting said court approval and the original executed release before receiving the payment referenced in paragraph 4.0.

## 11.0    ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

This Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth within and shall be binding upon and enure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

## 12.0    EFFECTIVENESS

This Settlement Agreement shall become effective immediately following execution by each of the parties.  Plaintiff acknowledges receipt of the payment referred to in Article 4.0 above.

## 13.0    CONFIDENTIALITY

The Parties agree that the settlement amount and the terms of this Release are confidential. It is further understood and agreed and made part hereof that neither the undersigned nor their attorneys or representatives will in any way publicize in any news or communications media, including, but not limited to, newspapers, magazines, radio or television the facts or terms and conditions of this settlement. Plaintiff irrevocably directs her attorneys to comply with the confidentiality terms of this paragraph.  All parties to this agreement expressly agree to decline comment on any aspect of this settlement to any member of the news media or in the context of any internet-based social media.

## 14.0    EXECUTION OF AGREEMENT;  COUNTERPARTS;  ELECTRONIC SIGNATURES

**14.1**   This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and shall become effective when counterparts have been signed by each of the Parties and delivered to the other Parties, with the understanding that all Parties need not sign the same counterparts.

**14.2**   The exchange of copies of this Settlement Agreement and of signature pages by facsimile transmission (whether directly from one facsimile device to another by means of a dial-up connection or whether mediated by the worldwide web), by electronic mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, or by combination of such means, shall constitute effective execution and delivery of this Settlement Agreement as to the Parties and may be used in lieu of the original Settlement Agreement for all purposes. Signatures of the Parties transmitted by facsimile shall be deemed to be their original signatures for all purposes.

**15.0**   This General Release is being executed to effect a compromise settlement of disputed causes of action, claims and/or demands in order to avoid expenses associated with protracted litigation.  Neither this General Release nor the Settlement effected by it is intended or shall be construed as an admission or concession regarding any liability or wrongdoing.

*[This space intentionally left blank. Verification on following page.]*

**16.0    VERIFICATION OF Diana L. Ramsey, as Administratrix of the Estate of Megan Louise Ramsey, Deceased, and as Parent and Legal Guardian of Megan Louise Ramsey in her own right**

I, _Diana L. Ramsey_ declare, covenant and warrant that I am over the age of eighteen (18) years, and that I am not suffering from any legal, mental or physical disabilities which would impair or disable me from executing this settlement agreement and that there has been no representations and/or statements made by Defendant or their agents, insurers, employees, or representatives to influence me in making or executing this agreement.  I have read this settlement agreement and release in its entirety with the assistance of counsel, allowing me the right and opportunity to ask any and all questions.  It is my intent to enter into this agreement and release and do hereby freely and willingly agree to the terms as stated herein.


_Diana L Ramsey_                          Date _Nov 28, 2017_

Diana L. Ramsey,
as Administratrix of the Estate
of Megan Louise Ramsey, Deceased,
and as Parent and Legal Guardian of
Megan Louise Ramsey in her own right


Sworn to and subscribed before this _28_ day of _November_ 2017, by _Diana L Ramsey_ who is personally known to me or who has produced as identification _nj driver license_ .


_Jennifer Esposito_
NOTARY PUBLIC

_10/14/2020_
COMMISSION EXPIRES
COMMISSION NO. _2401925_

```
JENNIFER MARIE M ESPOSITO
Notary Public
State of New Jersey
My Commission Expires Oct 14, 2020
```

**17.0    VERIFICATION BY THE DEVEREUX FOUNDATION, INC.**

_____                    _____
ROBERT C. DUNNE, SVP & CFO                          Date
THE DEVEREUX FOUNDATION, INC.

_____                    _____
DAVID A. GRIFFITH, CONTROLLER                       Date
THE DEVEREUX FOUNDATION, INC.

# Exhibit "C"



TRIAL LAWYERS

# CONTINGENT FEE AGREEMENT

1.      This Agreement is between FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG LLP ("Feldman Shepherd")

AND

DIANA RAMSEY, as Parent & Natural Guardian of Megan Ramsey, deceased ("CLIENT")

for prosecution of a claim or claims on behalf of Client arising from an incident or injury occurring on July 15, 2014.

2.      Clients agree that as a fee for services under this Agreement, Feldman Shepherd shall receive 1/3 of the total amount received from the verdict or settlement of any claims.   Feldman Shepherd may share its fee with referral counsel.   Expenses of litigation incurred by Feldman Shepherd shall be reimbursed from the proceeds of recovery after the contingency fee has been calculated. Examples of litigation expenses include filing fees, depositions, expert witness fees, investigation services, copying and all other costs associated with preparing Client's case.   **In the event no money is recovered, Client will not be responsible for any fees or costs.**

3.      Client agrees to cooperate with Feldman Shepherd by providing all information known or available to Client that is relevant to the representation.

4.      It is agreed that this Agreement shall be interpreted according to the laws of the Commonwealth of Pennsylvania.

5.      Client acknowledges that he/she has read this Agreement and has received a duplicate copy of this Agreement.

DATE:  _October 14, 2014_                    _Diana L Ramsey_
                                             DIANA RAMSEY, as Parent & Natural
                                             Guardian of Megan Ramsey, deceased


DATE:  September 30, 2014                    _____
                                             MARK W. TANNER

# Exhibit "D"



**FELDMAN
SHEPHERD
WOHLGELERNTER
TANNER
WEINSTOCK
DODIG** LLP

Mark W. Tanner
Co-Managing Shareholc
Telephone: 215.567.830C
Direct Fax: 215.591.1581
mtanner@feldmanshepl
Certified Civil Trial Advo
National Board of Trial A

December 6, 2017

Diana Ramsey
5 Spring Mountain Rd
Califon, NJ 07830

**SCHEDULE OF DISTRIBUTION**
USDC for the Middle District of PA

*Ramsey v. The Devereux Foundation*
**TOTAL SETTLEMENT**      $ 800,000.00

**LESS ATTORNEYS' FEES (1/3)**      $ 266,666.67
     $ 533,333.33

**LESS COSTS**

**Legal**

| | | |
|---|---|---|
| Pike County | $ 200.00 | |
| JAMS | $ 2,075.00 | |
| USDC | $ 400.00 | |
| Commonwealth of PA | $ 16.45 | |
| It's Done Courier | $ 871.00 | |
| | | $ 3,562.45 |

**Records**

| | | |
|---|---|---|
| CHOP | $ 45.05 | |
| Accident Investigation Services | $ 325.50 | |
| Pike County Coroner | $ 1,560.00 | |
| Precise, Inc. | $ 11,923.93 | |
| MCS | $ 1,170.65 | |
| | | $ 15,025.13 |

**Experts**

| | | |
|---|---|---|
| Antonie D. Kline, MD | $ 5,133.00 | |
| David Friedler | $ 19,250.00 | |
| Expert Institute | $ 3,000.00 | |
| David C. Brooks, MD | $ 3,955.00 | |
| Ian Krantz, MD | $ 5,500.00 | |
| Wayne K. Ross, MD | $ 6,500.00 | |
| | | $ 43,338.00 |

**Court Reporters**

| | | |
|---|---|---|
| Veritext | $ 3,409.00 | |
| | | $ 3,409.00 |

**Other**

| | | |
|---|---|---|
| Overnight Postage | $ 338.34 | |
| Travel (mileage & parking) | $ 516.32 | |
| Witness Fee - Munch | $ 40.00 | |
| Witness Fee - Yarteh | $ 40.00 | |
| Witness Fee - Kurz | $ 40.00 | |
| Witness Fee - Riggins | $ 40.00 | |
| Witness Fee & Travel - Cramer | $ 502.79 | |
| | | $ 1,517.45 |
| | | $ 66,852.03 |
| | | $ 466,481.30 |

**Net Due to Client:**                                          $ 466,481.30

    I hereby approve the foregoing Statement of Distribution and authorize our attorneys Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP to endorse my signature to and deposit to their account the above described settlement draft and thereafter to distribute funds as described herein, upon the approval of the Court.

_Diana L Ramsey_
DIANA RAMSEY

# Exhibit "E"


**pennsylvania**
DEPARTMENT OF REVENUE

December 12, 2017

Mark Tanner, Esquire
Feldman Shepherd
1845 Walnut Street, 21st Floor
Philadelphia, PA  19103

Estate of Megan Ramsey
United States District Court
Middle District of Pennsylvania

Dear Mr. Tanner:

The Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the above-referenced Estate in regard to a wrongful death and survival action.  It was forwarded to this Bureau for the Commonwealth's approval of the allocation of the proceeds paid to settle the actions.

Pursuant to the Petition, the decedent was a resident of New Jersey at the time of her death; letters of administration were granted by the Surrogate of the County of Morris.

Please be advised that Pennsylvania inheritance tax is not imposed upon intangible personal property of a nonresident decedent; including proceeds of a court action.  72 P.S. §§9101, 9106, 9107.  As decedent was not a resident of Pennsylvania at the time of death, the Estate would not be liable to the Commonwealth for taxes due on any amount of the proceeds of the within action.  The Department therefore has no objection to the allocation of any settlement proposed in this matter.

I trust that this letter is a sufficient representation of the Department's position on this matter.  As the Department has no objections to the Petition, no attorney from the Department of Revenue will be attending any hearing regarding it.  Please contact me if you or the Court has any questions or requires anything additional from this Bureau.  Thank you.

Sincerely,

Shannon E. Baker
Trust Valuation Specialist
Inheritance Tax Division

REV-1518 EX (08-16)

 **pennsylvania**
DEPARTMENT OF REVENUE

BUREAU OF INDIVIDUAL TAXES
INHERITANCE TAX DIVISION
PO BOX 280601
HARRISBURG PA  17128-0601

## IMPORTANT INFORMATION FOR FIRMS REQUESTING A WRONGFUL DEATH/SURVIVAL ACTION APPROVAL LETTER FROM THE PENNSYLVANIA DEPARTMENT OF REVENUE

The following information should be supplied with each request so that the request can be reviewed in a timely manner. **Please allow 30 <u>business</u> days (approximately 4-6 weeks) from the date the department receives all of the needed documentation.**

1. A copy of the petition prepared for the court. The department requires a copy of the petition.
    1. A copy of the petition is acceptable. The department does not need a finalized copy nor are the verifications required to be signed. This will ensure timely processing of settlements involving Medicare claims.

2. Documentation concerning the decedent:
    1. Name of the estate,
    2. Copy of the letters granted,
    3. File number of the estate,
    4. Social Security number,
    5. Age of the decedent at death, and
    6. Educational history.

3. Nature of opening of estate
    1. If testamentary letters granted, a copy of the will.
    2. If administrative letters were issued, a listing of the intestate heirs.

4. If applicable, documentation concerning any "pain and suffering" incurred by the decedent prior to death.
    1. If death was caused by an error of a medical institution in diagnosing an illness, the length of time that individual had the illness prior to death.
    2. If death was caused by an error in caring directly for the decedent by a medical institution/nursing care facility, the length of time from the incident until death.

5. If applicable, documentation concerning the "future wage loss" of the decedent due to their death. This material should include if possible:
    1. An economic loss report prepared by an expert in that field,
    2. Annual wage statement for the past three years, and
    3. Any other income being received by the decedent for the past three years.

6. If applicable, documentation concerning the future economic loss incurred by the wrongful death claimant. This should include:
    1. Monthly expenses paid by the decedent,

2. Monthly work done by the decedent to supplement the claimants income,
3. Rental expenses, food costs, utilities paid by the decedent for the claimant,
4. Educational costs being paid by the decedent, and
5. Any other information to support the future economic loss incurred by the claimant.

7. ***DO NOT PROVIDE:***
    1. Police report of the accident scene,
    2. Autopsy report of the coroner,
    3. Medical records,
    4. The complaint.

8. Please expect a reasonable amount of time for processing. **The average processing time is approximately 30 business days (approximately 4-6 weeks) from the date the department receives all of the needed documentation.**

    Cases are reviewed in a first in/first out order regardless of the size of the claim. **Reminder:** The two months with the largest volume of requests for approvals are August and December as they are the last months for approval of medical cases paid under the MCARE Fund for a given calendar year. **For additional information on how to handle settlements regarding MCARE or Nonresident Decedents see form REV-1517.**

9. If using mail, send all proposals for a wrongful death/survival action claim response letters to:

    **WRONGFUL DEATH/SURVIVAL ACTION REQUEST
    PA DEPARTMENT OF REVENUE
    INHERITANCE TAX DIVISION
    PO BOX 280601
    HARRISBURG PA  17128-0601**

10. Petitions can be submitted electronically to:
    **RA-WDSAsettlement@pa.gov**

**Do not** email, and mail the same proposal more than one time as it causes duplication in processing. If the petition is submitted more than once, we will use the last date received.

If you have any questions or concern, please call the department at 717-787-8327.

 **pennsylvania**
DEPARTMENT OF REVENUE

# Important Information for Firms Requesting A Wrongful Death/Survival Action Approval Letter from the Pennsylvania Department of Revenue that Includes Payment from the Medical Care Availability and Reduction of Error Fund (MCARE) or for a Nonresident Decedent

The department will make every effort to process the MCARE settlements or settlements for a Nonresident decedent in an expedited manner provided the following conditions are met:

- If the petition is being filed through regular mail, attach a copy of this document to the top of the petition.

  PA DEPTARTMENT OF REVENUE
  INHERITANCE TAX DIVISION
  ATTN: WRONGFUL DEATH/SURVIVAL ACTION REQUEST
  PO BOX 280601
  HARRISBURG PA  17128-0601

- If the petition is being emailed to RA-WDSAsettlement@pa.gov, the subject line must state "MCARE Settlement" or "Nonresident Decedent".

- If the petition is being faxed to 717-783-3467, attach a copy of this document to the top of the petition before the cover sheet.

The following information should be supplied with each request so that the request can be reviewed in a timely manner:

1. A copy of the petition.

2. A copy of the letters granted by the Register of Wills office.

   - If letters Testamentary were granted, a copy of the will.

   - If letters of Administration are granted, a listing of the intestate heirs.

3. Information that will help support the allocation you are requesting.

   - Information on age, work history, educational history, economic study, pecuniary loss suffered by wrongful death claimants.

   ********Item 3 is not required for a nonresident decedent.

If you have any questions, please contact our office directly at 717-787-8327.

For additional information regarding wrongful death/survival action settlements, see form REV-1518.

Bureau of Individual Taxes I Inheritance Tax Division
PO Box 280601 I Harrisburg, PA 17128-0601 I 717.787.8327 I www.revenue.pa.gov

REV-1517 EX (08-16)